# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO
# ROSWELL DIVISION

| | |
|---|---|
| **A.J. OLIVAS, individually and on behalf of those similar situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**C & S OILFIELD SERVICES, LLC, DEWEY COFFMAN, individually, and BRETT COFFMAN, individually,**<br><br>*Defendants*. | Case No. 2:17-cv-22<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1.  A.J. Olivas ("Plaintiff") brings this collective and class action in his individual capacity, on behalf of those similarly situated ("FLSA Class Members"), and on behalf of the proposed Rule 23 New Mexico Class Members ("NM Class Members") (FLSA Class Members and NM Class Members collectively, "All Class Members") against Dewey Coffman and Brett Coffman ("Individual Defendants"), and C & S Oilfield Services, LLC ("C&S") (all collectively, "Defendants").

2.  Defendants have been involved in the business of providing water transfer and other oilfield services throughout the Southwest United States, including from their location in Artesia, New Mexico, over the past three years. Defendants employed Plaintiff and other oilfield workers ("Oilfield Workers") to provide water transfer and other oilfield services to customers at job sites, but failed to properly pay them for all hours worked or overtime at the proper rate

required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law").

3. Plaintiff and other Oilfield Workers regularly worked in excess of 80 hours per workweek during the relevant time period, but Defendants failed to pay them overtime for hours worked in excess of 40 each workweek. Instead of paying Oilfield Workers overtime, Defendants misclassified Plaintiff and other Oilfield as exempt from overtime, paid them a salary, and denied them overtime pay for overtime worked ("OT Misclassification Policy"). Defendants violated and continue to violate the FLSA and NM Wage Law through their continued enforcement of the OT Misclassification Policy. This suit seeks to collect the wages and damages owed to Oilfield Workers victimized by Defendants' continued NM Wage Law and FLSA violations resulting from Defendants' continued enforcement of their Overtime Miscalculation Policy.

## II. PARTIES

4. Plaintiff A.J. Olivas is a resident of New Mexico that worked for Defendants as an Oilfield Worker in New Mexico during the relevant statutory periods. His consent to participate in this lawsuit is attached as Exhibit A to this Complaint.

5. Plaintiff brings this action as a Rule 23 class action pursuant to NM Wage Law. The NM Class Members consist of current and former field personnel, including but not limited to hands, lead hands, laborers, pump operators and technicians, who worked for Defendants in or out of New Mexico over the last three years who were not paid overtime.

6. Plaintiff also brings this action as a FLSA collective action. The FLSA Class Members consist current and former field personnel, including but not limited to hands, lead

hands, laborers, pump operators and technicians, who worked for Defendants over the last three years who were not paid overtime.

7. Defendant C&S is a Louisiana Limited Liability Company that operates in New Mexico from its Artesia, New Mexico location. Defendants C&S may be served with process through its agent for service of process, Dewey Coffman, at 786 Forest Drive, Simpson, LA 71474, or wherever he may be found.

8. Defendant Dewey Coffman is the Managing Member and Co-owner of C&S who may be served at 786 Forest Drive, Simpson, LA 71474 or wherever he may be found.

9. Defendant Brett Coffman is a co-owner and member of C&S who may be served at 801 Forest Drive, Simpson, LA 71474, or wherever he may be found.

### III. JURISDICTION AND VENUE

10. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

11. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendants. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

12. Venue is proper in the District Court of New Mexico because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more parties resides in this District. Specifically, Plaintiff resides in this District and the work he performed giving rise to these claims occurred in this District.

## IV. FLSA COVERAGE FACTS

13. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

14. At all times hereinafter mentioned, Defendants constituted employers or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and NM Wage Law.

15. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

16. Defendants operate or have operated in interstate commerce, by among other things, dispatching labor and equipment to states including New Mexico. Oilfield Workers, including Plaintiff and the Class Members, handled oilfield tools and equipment that moved in interstate commerce during their employment.

## V. FACTUAL ALLEGATIONS

17. Plaintiff incorporates all of the allegations previously made in this Complaint. Plaintiff brings these collective action allegations individually and on behalf of those similarly situated and class action allegations on behalf of the NM Class Members.

18. Defendants have been in the business of providing water transfer and other oilfield services in oilfields throughout the Southwest, including oilfields in New Mexico, over the last three years. The Individual Defendants, who are members and owners of C&S, have joint employer liability in this lawsuit because they exert operational control over C&S by making hiring and firing decisions, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules. The Individual Defendants additionally have responsibility for the specific FLSA and NM Wage Law violations

at issue: The Individual Defendants (1) implemented and enforced the OT Misclassification Policy; (2) instructed Plaintiff and All Class Members that they did not have to clock-in when they reported for work; (3) failed to keep proper employment records for Plaintiff and All Class Members; and (4) failed to keep any proper time records for the hours worked by Plaintiff and All Class Members during their employment.

19. Defendants employ Oilfield Workers to perform water transfer and other oilfield services for customers, but fail to properly pay them overtime pursuant the FLSA and NM Wage Law. Plaintiff and the Class Members duties consist of non-exempt, blue-collar work. Their primary duty consisted of providing water transfer and other oilfield related services to Defendants' customers. This primary duty involved the operation of oilfield equipment, completing daily checklists, and performing other manual/technical labor at oilfield sites. Plaintiff and the Class Members did not have managerial responsibilities, supervise two or more employees, or exercise independent discretion or judgment in regards to matters of significance. Defendants predetermined virtually every job function of All Class Members, including the tools they used at job sites, work duties, and schedule of work. Defendants prohibited Oilfield Workers from varying their job duties outside of the set parameters. Moreover, the job functions of All Class Members were primarily manual in nature and required little to no official training—nonetheless a college or advanced degree. None of the FLSA or NM Class Members had any supervisory or Management duties.

20. Plaintiff and All Class Members regularly worked over 80 hours per week and Defendants allowed and required them to do so. Instead of paying Oilfield Workers proper overtime for working in excess of 40 hours per week, Defendants paid Plaintiff and All Class

Members pursuant to the OT Misclassification Policy that misclassified them as exempt from overtime and failed to pay them overtime compensation for hours worked over 40 per week.

21. Defendants knew about the FLSA and NM Wage Law's overtime requirements, but chose not to pay Plaintiff or All Class Members overtime in compliance with the law. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and All Class Members overtime compensation. Specifically, some of the facts exposing that Defendants willfully violated the FLSA include the fact that Defendants (1) instructed Plaintiff and All Class Members that they did not have to clock-in when they reported for work; (2) failed to keep proper employment records for Plaintiff's and All Class Members; (3) failed to keep any proper time records for the hours worked by Plaintiff and All Class Members during their employment; and (4) received complaints from Oilfield Workers regarding overtime pay and unreasonable work hours, but did nothing to investigate or remedy those complaints.

22. Defendants violated and continue to violate the FLSA through their continuing course of conduct that began with the inception of the OT Misclassification Policy and has continued with the enforcement of the same OT Misclassification Policy until the at least of the date of this filing.

## VI. CLASS ACTION ALLEGATIONS

23. Plaintiff incorporates all allegations previously made in this Complaint.

24. Plaintiff brings his class action on behalf of the respective NM Class Members.

25. The NM Class Members are so numerous that their joinder is impracticable. While the precise number of the NM Class Members is unknown, at least 50 Oilfield Workers

that worked at least one workweek of more than 40 hours in or out of New Mexico over the past three years.

26. Plaintiff's claims are typical of the NM Class Members. He and the Salaried NM Class Members: (1) were responsible for providing water transfer and other oilfield services for Defendants' customers; (2) worked over 40 hours in at least one workweek in or out of New Mexico over the last three years; and (3) were not paid overtime.

27. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendants violated NM Wage Law by failing to pay the respective NM Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of forty in an individual workweek;

   b. The proper measure of damages sustained by the respective NM Class Members;

   c. Whether Defendants should be enjoined for such violations in the future.

As a result, Plaintiff will fairly and adequately protect the respective NM Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

28. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

29. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient

adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the OT Misclassification Policy. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 NM Class Members to the extent required by Fed. R. Civ. 23(c).

30. Defendants violated and continue to violate NM Wage Law through their continuing course of conduct that began with the inception of the OT Misclassification Policy and has continued with the enforcement of the same OT Misclassification Policy until the at least of the date of this filing.

## VII. COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

31. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VIII. COUNT II: VIOLATION OF NM WAGE LAW

32. Plaintiff and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours

in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendants violated and continue to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NM Wage Law. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred.

## IX.   RELIEF SOUGHT

33.   WHEREFORE, Plaintiff, on behalf of themselves and the FLSA Class Members, pray for relief against Defendants as follows in regards to their FLSA collective action claims:

a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b.   For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.   For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

**e.** For an Order granting such other and further relief as may be necessary and appropriate.

34. WHEREFORE, Plaintiff, individually and on behalf of the NM Class Members, pray for relief against Defendants as follows in regards to their class action complaint:

a. For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representatives under NM Wage Law, and for designation of Plaintiff's counsel as class counsel;

b. For Judgment that Defendants violated NM Wage Law by failing to pay Plaintiff and the NM Class Members overtime compensation;

c. For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under Wage Law;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
**JAY FORESTER**
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
Siegel Law Group PLLC
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.4overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**